IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AURORA LOAN SERVICES, LLC, | |
| Plaintiff, | No. CIV S-10-0855 MCE EFB PS |
| vs. | |
| BART D. ANCHETA; NICETAS A. ANCHETA; and DOES 1-5, | |
| Defendants. | FINDINGS AND RECOMMENDATIONS |

On April 12, 2010, defendant Bart Ancheta, proceeding pro se, filed a notice of removal of this unlawful detainer action from the Superior Court of the State of California for San Joaquin County. This case is before the undersigned in accordance with 28 U.S.C. § 636(b)(1) and Eastern District of California Local Rule 302(c)(21).

This court has an independent duty to ascertain its jurisdiction and may remand sua sponte for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). As explained below, defendant has failed to meet his burden.

1

1    Defendant's notice of removal is predicated upon the court's federal question

2 jurisdiction. Dckt. No. 1 at 2 (citing 28 U.S.C. §§ 1441(b), 1446(a)). Defendant contends that

3 plaintiff alleges claims under the Federal Fair Debt Collections Act (FDCPA), the Real Estate

4 Settlement Procedures Act (RESPA), the Truth in Lending Act (TILA), Generally Accepted

5 Accounting Principles (GAAP), and the Universal Commercial Code (UCC). *Id.* at 3.  However,

6 a review of the complaint reveals that plaintiff does not allege any federal claims; instead,

7 plaintiff alleges only unlawful detainer under state law. *Id.* at 63 (Compl.). Therefore, because

8 defendant has not adequately established that plaintiff's complaint alleges a federal claim,[1] the

9 court lacks subject matter jurisdiction and must remand the case.[2] *See* 28 U.S.C. § 1447(c).

10    Accordingly, IT IS RECOMMENDED that the above-captioned case be REMANDED to

11 the Superior Court of the State of California in and for the County of San Joaquin.

12    These findings and recommendations are submitted to the United States District Judge

13 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

14 after being served with these findings and recommendations, any party may file written

15 objections with the court and serve a copy on all parties. Such a document should be captioned

16 "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections

---

[1] Nor has defendant established that this court has diversity jurisdiction.

[2] It is also unclear whether the notice of removal was timely. Although defendant contends that his notice of removal "is timely in that it [was] timely filed within thirty (30) days of Defendants receipt of the Summons and Complaint," a print-out of the state court docket indicates that plaintiff filed a proof of service of the summons and complaint on October 16, 2009. Dckt. No. 1 at 2, 6. "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b).

Additionally, although defendant states that he "obtained an express consent of this removal from Nicetas A. Ancheta," Dckt. No. 1 at 2, that statement is insufficient to establish that all defendants consent to the removal. *Sampson v. Petaluma Police Dep't*, 2007 WL 1624604, at *4 (N.D. Cal. June 4, 2007) ("Those who do not sign the written notice of removal should have submitted a written form of joinder by which they agree to the action taken on their behalf. . . . It is insufficient merely to say that co-defendants do not object to removal.").

1 shall be served and filed within fourteen days after service of the objections.  Failure to file
2 objections within the specified time may waive the right to appeal the District Court's order.
3 *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th
4 Cir. 1991).
5     SO ORDERED.
6 Dated:  April 20, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3